IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00230-FDW

| | | |
|---|---|---|
| CURTIS A. WITHERSPOON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus which Petitioner filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

On May 19, 2009, Petitioner was convicted by a jury in Cleveland County Superior Court of possession with intent to sell or deliver cocaine and the sale or delivery of cocaine. Petitioner pled guilty to attaining the status of a habitual felon and he was sentenced to a term of 17-years and 7 months in state prison. Petitioner's judgment was affirmed on appeal. See State v. Witherspoon, 694 S.E.2d 521 (N.C. Ct. App.), disc. rev. denied, 701 S.E.2d 679 (N.C. 2010). On October 16, 2012, Petitioner filed a § 2254 petition in this District. See (3:12-cv-00352-RJC). The Court dismissed the petition as time-barred pursuant to 28 U.S.C. § 2244(d), and the Fourth Circuit dismissed his appeal. Witherspoon v. White, 539 F. App'x 150 (4th Cir.), cert. denied, 134 S. Ct. 917 (Sept. 4, 2013).

On October 8, 2015, the present § 2254 petition was docketed and assigned to this Court. Petitioner renews his attack on his 2010 state judgment by claiming that he received ineffective assistance of trial counsel; that his rights under the Confrontation Clause were violated; and he

1

contends that he was surprised at trial when the State presented evidence through audio or visual means.

Rule 4 of the Rules Governing Section 2254 Cases provides that the court must promptly examine a § 2254 petition and must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief . . ." Rule 4, 28 U.S.C.A. foll § 2254. The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner has not demonstrated that he obtained authorization to file a successive § 2254 petition, therefore the petition will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for habeas relief is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's application to proceed in forma pauperis is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when

relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: October 13, 2015

Frank D. Whitney
Chief United States District Judge